UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST BANK,<br><br>      Plaintiff/Counterdefendant,<br><br>v.<br><br>DJL PROPERTIES, LLC,<br><br>      Defendant/Counterplaintiff,<br><br>and<br><br>JONATHON E. GUTHERIE, LISA M GUTHERIE, AMERICAN BOTTOMS REGIONAL WASTEWATER TREATMENT FACILITY, METRO EAST SANITARY DISTRICT, THE VILLAGE OF SAUGET, ALL UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>      Defendants. | Case No. 09-cv-970-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Court's December 7, 2009, order to show cause why this case should not be remanded to state court (Doc. 11). Plaintiff/counterdefendant First Bank has responded to the order to show cause (Doc. 12), defendant/counterplaintiff DJL Properties, LLC, has replied to that response (Doc. 15), and First Bank has replied to the reply (Doc. 19). For the following reasons, the Court will remand this case to state court.

This case originated in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Plaintiff First Bank's complaint alleges a state law claim for mortgage foreclosure. In response, defendant DJL Properties, LLC ("DJL"), filed a class action counterclaim alleging state law causes of action under several Illinois statutes and a state law cause of action for breach of contract. Believing the class action counterclaim created original

federal jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), First Bank filed a notice of removal.

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction exists. Here it does not because removal jurisdiction only exists where a defendant files a notice of removal. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 107-08 (1941). Here, the plaintiff/counterdefendant is attempting to remove this case.

In its notice of removal, First Bank acknowledges that under *Shamrock Oil* the foregoing defects would require remand of this case had it not contained a class action counterclaim. *Shamrock Oil* established that the federal law authorizing removal by a defendant does not include removal by a counterdefendant.[1] *Id.* at 107-08. In that case, a plaintiff/counterdefendant removed an action to federal court on the basis of diversity jurisdiction over the counterclaim. *Id.* at 103. The Supreme Court noted that a prior version of the removal statute had allowed "either party" to remove a case but that Congress had amended the language to allow removal only by "the defendant or defendants." *Id.* at 106-07. The Court reasoned that, had Congress intended to allow plaintiffs to maintain the right of removal they had under the "either party"

---

[1] The *Shamrock Oil* Court examined a prior version of the removal statute, but that version is substantively indistinguishable from 28 U.S.C. § 1441 in any way relevant to this case. 28 U.S.C. § 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

version of the statute, it would have explicitly said so in the amendment language. *Id.* at 107. Instead, Congress chose language it knew the Supreme Court had construed in a prior case to withhold the power of removal from a plaintiff/counterdefendant. *Id.* at 107-08 (citing *West v. Aurora City*, 73 U.S. 139, 141-42 (1867) (6 Wall.)). The *Shamrock Oil* Court further noted the need to respect the independence of state courts by restricting removal jurisdiction only to the precise limits set forth in the removal statute. *Id.* at 109. The Court concluded that when the removal statute allowed for removal by "the defendant or defendants," it did not confer that right on plaintiff/counterdefendants. *Id.* at 106-07.

First Bank argues that CAFA changed the long-standing, well-established rule set forth in *Shamrock Oil* because CAFA refers to the ability of "any defendant" to remove a class action regardless of the citizenship or consent of the other defendants. 28 U.S.C. § 1453(b).[2] It believes that, after CAFA, a plaintiff sued in a class action counterclaim may remove the entire action to federal court regardless of the claims pled in the original complaint. It bases this argument on the language of § 1453(b) and Congressional intent to expand federal jurisdiction by enacting CAFA. As the party invoking federal jurisdiction, First Bank bears the burden of demonstrating the existence of that jurisdiction, and the Court should construe the removal

---

[2] 28 U.S.C. § 1453(b) states in its entirety:

> **In general.**–A class action may be removed to a district court of the United States in accordance with section 1446 (except the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

> 28 U.S.C. § 1446(a), in turn, states in pertinent part: "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States . . . a notice of removal. . . ."

3

statute narrowly. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

In support of its position, First Bank cites *Deutsche Bank Nat'l Trust v. Weickert*, 638 F. Supp. 2d 826 (N.D. Ohio 2009). *Deutsche Bank* involved a case similar to the case at bar. There, counterdefendants (who were not original plaintiffs) filed a notice of removal of a case that began as a state law foreclosure action but that included state law class action counterclaims. *Id.* at 827. The *Deutsche Bank* court read the "any defendant" language in § 1453(b) to encompass counterdefendants and to expand removal beyond the bounds of § 1441(a). *Id.* at 829. The court found this consistent with Congress' purpose in CAFA to expand federal jurisdiction to include interstate class actions of national importance. *Id.* at 829-30. A contrary ruling, the court said, would contravene Congressional intent. *Id.* at 830.

The Court does not find *Deutsche Bank* persuasive. Instead, it agrees with the Fourth Circuit Court of Appeals' decision in *Palisades Collections LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008). In that case, the plaintiff filed a state law collection action, and the defendant filed a class action counterclaim against the plaintiff and additional counterdefendants. *Id.* at 329. A newly added counterdefendant then filed a notice of removal on the grounds that the federal court had original jurisdiction over the counterclaim under CAFA. *Id.*

The *Palisades* court held that § 1441(a) did not permit removal by a counterdefendant. It reasoned that *Shamrock Oil* established that a counterdefendant is not a "defendant" allowed to remove a case under § 1441(a). *Id.* at 333. As explained in *Shamrock Oil*, Congress made that decision when it amended the removal statute, and the courts must respect that decision when exercising removal jurisdiction. *Id.*

*Palisades* also rejected the notion that § 1453(b) changed that general rule where a

4

counterdefendant tries to remove a case based on CAFA jurisdiction. *Id.* at 336. First, it noted that § 1453(b) does not expressly allow removal by counterdefendants. It refers only to removal by a "defendant" and cross-references § 1446, which also speaks only to procedures for removal by "a defendant or defendants." *Id.* at 334. The *Palisades* court presumed Congress understood the established interpretation of "defendant" set forth decades earlier by *Shamrock Oil* and declined to find that Congress intended to change that interpretation by implication with § 1453(b). *Id.* at 334. Second, the court held that the two phrases containing the "any defendant" terminology in § 1453(b) do not change the *Shamrock Oil* rule. On the contrary, the court interpreted "defendant" consistently with the established meaning of "defendant" in § 1441(a) – that is, as only an original defendant – to refer only to eliminating the forum defendant rule of § 1441(b) and the judicially recognized unanimity requirement. *Id.* at 335-36. The meaning of "defendant," the court held, is not changed by the modifier "any." *Id.* at 335. The court concluded, "Reading § 1453(b) to also allow removal by counter-defendants, cross-claim defendants, and third-party defendants is simply more than the language of § 1453(b) can bear." *Id.* at 336.

Finally, the *Palisades* court noted that, although Congress intended to expand federal jurisdiction by enacting CAFA, the Court must still interpret CAFA as it is written, not as Congress might have intended to write it. *Id.*

The Ninth Circuit Court of Appeals came to a similar conclusion for similar reasons in *Progressive West Insurance Co. v. Preciado*, 479 F.3d 1014, 1017-18 (9th Cir. 2007) ("CAFA does not alter the longstanding rule announced in Shamrock that precludes plaintiff/cross-defendants from removing class actions to federal court.")

The Court agrees with the *Palisades* and *Progressive* holdings. The text of § 1453(b)

does not expressly permit a plaintiff/counterdefendant to remove a class action to federal court. It does not impliedly do so either. For decades before Congress passed CAFA, the law was well-established that, in the removal context, "defendant" meant only an original defendant. Congress is presumed to have known this, *see Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990), and the Court will not find that it intended to alter this understanding in the absence of express language doing so, as it did when it wanted to change other aspects of class action jurisdiction. *See, e.g.,* 28 U.S.C. § 1332(d)(10) (altering the way citizenship of an unincorporated association is determined in class actions); 28 U.S.C. § 1453(b) (altering the unanimity requirement, the forum defendant rule and the limitation period for removal).

Furthermore, the Court finds that the use of the phrase "any defendant" does not mean, as First Bank argues, "any type of defendant." When viewed with the legal landscape as it existed when CAFA was enacted and in the context of the removal statutes as a whole, the Court believes "any defendant" is more likely to mean "any of the defendants," with "defendants" being interpreted as it was in *Shamrock Oil*.

Clear congressional intent to expand federal jurisdiction with CAFA does not change the Court's conclusion. It is true that by enacting CAFA, Congress intended to expand federal jurisdiction and, indeed, it did so by allowing expanded filing and removal of original class actions. However, such an intent does not justify expansion of jurisdiction to cases not expressly authorized by statute. Respect for federalism still requires a narrow reading of the removal statutes, and the Court can only interpret the laws as they are written.

DJL Properties further requests attorney's fees and costs for First Bank's improper removal of this case. Section 1447(c) states, in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a

result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court retains discretion to determine if unusual circumstances counseling against this general rule exist.  *Id.*  This rule serves to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Id.* at 140.  Because the question of removal under CAFA by a plaintiff/counterdefendant based on a class action counterclaim has not been explicitly addressed by the Supreme Court or the Court of Appeals for the Seventh Circuit and has been subject to various rulings by district courts, the Court finds that there was an objectively reasonable basis for the removal of this case.  It therefore declines to award attorney's fees under 28 U.S.C. § 1447(c).

      For the foregoing reasons, the Court finds that it does not have removal jurisdiction over this case and **REMANDS** it to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**
**DATED:  January 27, 2010**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**